[No. 23589. Department Two. July 13, 1932.]

THE STATE OF WASHINGTON, *Appellant*, v. C. M. KNUTSEN, *Respondent*.[1]

*Robert M. Burgunder* and *Lynwood W. Fix*, for appellant.

*John F. Reed* and *Carl B. Luckerath*, for respondent.

[1]Reported in 12 P. (2d) 923.

MILLARD, J.—Predicated upon the statute (Rem. Comp. Stat., § 2013), which provides that,

"When a public offense has been committed partly in one county and partly in another, or the act or effects constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county,"

an information charging the defendant with the crime of grand larceny by false pretenses was filed in the superior court for King county. The information alleges that, induced by false representations made to her in King county by the defendant, Mrs. Pauline Knudson was induced to exchange—and was thereby defrauded of more than fifteen hundred dollars—her real property in Whatcom county for real property owned by the defendant in Seattle.

The opening statement made by the prosecuting attorney, when the cause came on for trial, was to the effect that the state would prove that, on a certain date, Pauline Knudson became interested in the purchase of a house in Seattle then in course of construction by the defendant. Mrs. Knudson then owned a farm of the value of five thousand dollars in Whatcom county.

This lady and the defendant, over a period of three months, discussed in Seattle the subject of her purchase of the Seattle house. She informed the defendant that, by way of payment, she would have to trade her farm in Whatcom county. The defendant fixed the selling price of his property at eighty-two hundred and fifty dollars. It was agreed that the defendant would accept in exchange for the Seattle property the Whatcom county property of Mrs. Knudson at the agreed value of five thousand dollars, Mrs. Knudson to assume the payment of a mortgage of thirty-two hun-

dred and fifty dollars on the Seattle property. That mortgage, the defendant represented to Mrs. Knudson, was the only incumbrance on the Seattle property.

The defendant and his wife executed in Seattle a warranty deed to Mrs. Knudson for the Seattle property, subject to the mortgage of thirty-two hundred and fifty dollars. The defendant called at the office of a realtor in Bellingham, and there delivered to Mrs. Knudson the deed to the Seattle property. At the same time, Mrs. Knudson executed and delivered to the defendant a deed for her farm in that county. During the exchange of deeds, the defendant stated in the presence of the realtor that there was only the mortgage (which was listed in the deed to Mrs. Knudson) of thirty-two hundred and fifty dollars against the Seattle property.

A few months later, Mrs. Knudson for the first time learned that there were two liens against the Seattle property for unpaid material bills and a second mortgage on that property for fifteen hundred dollars, which was executed by the defendant prior to the commencement of negotiations of the parties for the exchange of properties.

The opening statement is clear. It would appear therefrom that the state expected to prove that the crime was conceived in King county. The false representations relied upon by Mrs. Knudson, and which induced her to part with her property, were made over a period of three months in Seattle. The complete arrangements for the exchange of properties were made in Seattle. The defendant executed his deed in Seattle. The crime was complete except for the transfer of the deeds, which was effected in Bellingham by pre-arrangement on the part of the defendant and Mrs. Knudson in Seattle.

Contending that the King county court was without jurisdiction, as the venue of the action was in Whatcom county, the defendant moved for dismissal. The court denied the motion, and entered an order directing a change of venue of the action from King county to Whatcom county. The state has appealed from that order.

It is the position of the state that the crime was committed partly in King county and partly in Whatcom county, therefore the jurisdiction is in either county under the statute (Rem. Comp. Stat., § 2013).

Invoking the constitutional provision that, in criminal prosecutions, the accused shall have the right to "a speedy public trial by an impartial jury in the county in which the offense is alleged to have been committed" (state constitution, Art. I, § 22), counsel for respondent insist that the action in King county should have been dismissed for the reason that the complete offense, if any, was committed in Whatcom county.

The general rule is that the crime of obtaining property by false pretenses is completed where the property is obtained; that, if the pretenses are made within one county and the property is obtained in another county, the information against the person making the false representations must be made within the latter county. 16 C. J. 190, 11 R. C. L. 854.

At the early common law, a crime which consisted of a series of acts, a part of which were in one county and a part in another county, could not be prosecuted in either unless enough transpired in one of the two counties to constitute a complete offense. 1 Bishop's New Crim. Procedure, 2d ed., § 54, p. 29. Generally speaking, at the common law, criminal offenses were deemed to be local, and subject to prosecution only in the county where committed.

"Indeed, the rule was formerly so imperative that if an offense was committed partly in one county and partly in another, the offender was not punishable at all. Hawk P. C. b. 2, c. 25; 1 Chitty, Crim. Law, 177. The fallacy of this inhibition, however, led to its early abandonment. The general rule, like most others, had its exceptions. Stephens in his History of the Criminal Law in England, at page 277, says that there were eighteen statutory exceptions to the rule requiring an indictment to be found by the grand jury of the county where the offense was committed." *State v. Brown,* 154 Atl. (Vt.) 579.

But this rule has been changed in this state by statute (Rem. Comp. Stat., § 2013), providing that, where a public offense is committed partly in one county and partly in another, the jurisdiction is in either county. A false representation is a necessary element of the crime of obtaining property by false pretenses. In the case at bar, the false representations inducing the victim to part with her property were made in King county. The delivery of the property, an essential element of the crime, was effected in Whatcom county. There could be no crime of obtaining property by false pretenses if either element were absent. The constitutional guaranty to a defendant of trial in the county in which the crime is alleged to have been committed, means the county where the crime *was* committed.

If respondent's position is logical, the law would be powerless to punish him. There was not a completed offense in either Whatcom or King county. An essential element of the crime was lacking in both counties. The crime was in part committed in King county and in part in Whatcom county. The requirements of the constitution are satisfied when part of the acts constituting the crime are performed in the county in which the information is brought against the defendant.

The order is reversed, and the cause remanded with direction to the trial court to proceed with the trial of the action.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.