[No. 26256.   Department Two.   November 12, 1936.]

THE STATE OF WASHINGTON, *Respondent*, v. E. A. DILLON, *Appellant*.[1]

*W. F. Van Ruff*, for appellant.

*H. H. Johnston* and *John W. Fishburne*, for respondent.

HOLCOMB, J.—By a complaint in a justice court in Tacoma, Pierce county, Washington, sworn to by an agent of the department of agriculture, appellant was charged with the crime of acting as a commission

[1]Reported in 62 P. (2d) 38.

merchant without first obtaining a license, found guilty as charged, and appealed to the superior court. The latter trial resulted in a verdict of guilty, upon which the trial court imposed a sentence of not more than ninety days in jail and a fine of one hundred dollars and costs.

The statutes upon which the prosecution was based, so far as material, are:,

"The term 'agricultural product' whenever used in this act shall include any horticultural, viticultural, dairy, poultry, bee or farm product other than grain; the term 'commission merchant' whenever used in this act shall include every person, firm or corporation who received any agricultural product to be sold on commission for the account of another and/or who buys such product from the producer thereof for the purpose of resale, but shall not include nonprofit cooperative marketing organization, nor exclusively retail merchants having a fixed place of business; . . ." Rem. Rev. Stat. (Sup.), § 8292 [P. C. § 1417-14].

Rem. Rev. Stat. (Sup.), § 8293 [P. C. § 1417-15], makes it unlawful for any person, firm or corporation to act as a commission merchant without first obtaining a license as in the act provided and requires the giving of a good and sufficient bond in the penal sum of one thousand dollars, upon a form to be approved by the attorney general, which shall be executed by the applicant as principal and by a surety company authorized to do business within this state.

Rem. Rev. Stat. (Sup.), § 8294 [P. C. § 1417-16], requires all applications for commission merchants' licenses to be accompanied by a fee of ten dollars.

When the transcript was filed in the superior court upon appeal, appellant moved to quash the criminal complaint for the reason that the court had no jurisdiction in the cause, inasmuch as the crime charged, if any, was not committed in Pierce county, Washington.

He also demurred to the complaint filed in justice court upon which the case was tried in superior court, on the ground that the facts charged did not constitute a crime.

Appellant was not represented by counsel in his trial in the superior court, but conducted the trial, examined and cross-examined witnesses with great skill and ability, and did not place himself upon the stand.

His assignments of error are that the court erred (1) in denying his motion to quash, (2) in overruling his demurrer, and (3) in refusing to recognize his plea of former jeopardy.

The record shows the following facts: On May 23, 1935, appellant purchased 660 fryer chickens from one Berg, a farmer in Grays Harbor county, drove to a small ranch in Thurston county, where he unloaded two crates of the chickens, and then drove to Carstens Packing Company in Tacoma, Pierce county, where he sold 160 chickens; that he paid cash and sold for cash; that appellant purchased 6,600 chickens during the year 1935, and that the facilities on his small ranch in Thurston county would not harbor that many chickens at one time. The record also shows that he never procured and filed a bond, nor obtained a license as a commission merchant.

Under the first assignment of error, appellant argues that, though the poultry was sold in Pierce county, the offense, if any, was committed only in Grays Harbor county, since the purchase was made there.

That was the commission of an offense partly in one county and partly in another; the consummation being in Pierce county brings the case within Rem. Rev. Stat., § 2013 [P. C. § 9391], which prescribes that, when a public offense has been committed partly in

one county and partly in another, or the act or effects constituting or requisite to the consummation of the offense occurs in two or more counties, the jurisdiction is in either county.

Under the circumstances shown here, the prosecution could have been begun either in Pierce county or Grays Harbor county. *State v. Knutsen,* 168 Wash. 633, 12 P. (2d) 923; *State v. Ashe,* 182 Wash. 598, 48 P. (2d) 213 (not cited by respondent). Hence, there is no merit in the first assignment.

■ There was no error in overruling the demurrer to the criminal complaint based upon the contention that appellant does not come within the commission merchant's definition as above set forth. He asserts in his brief that he is a poor farmer, who raises vegetables, hay, sometimes pigs, buys poultry, feeds and sells them for the purpose only of making a living. The jury, however, found him guilty of violating the commission merchants' act on the showing by the state that he had sold the chickens as above mentioned. Since it is undisputed that he had no bond nor license, under that act he is manifestly guilty.

■ Appellant contends that the commission merchants' act is unconstitutional and in violation of both the United States and the state constitutions. This court has held that the act is constitutional in all of its phases, including that requiring bonds and licenses of commission merchants. *Garretson v. Robinson,* 178 Wash. 601, 35 P. (2d) 504, and cases there cited; *Uhden, Inc. v. Greenough,* 181 Wash. 412, 43 P. (2d) 983, and cases there cited.

■ The contention of appellant that the trial court should have recognized his plea of former jeopardy is unmerited, as no record of any trial or proceeding, or of a former conviction or acquittal in Thurston county, was produced by appellant in the trial below and no

showing of any kind was made. *State v. Kinghorn*, 56 Wash. 131, 105 Pac. 234, 27 L. R. A. (N. S.) 136, relied upon by appellant as controlling, was a case where the record of a former proceeding was produced. It showed that the accused had been placed on trial before he had been arraigned or had pleaded, and the case was first dismissed by the state without his consent and he had entered a plea of not guilty.

We can perceive no error in the trial below, and the judgment is affirmed.

MILLARD, C. J., TOLMAN, MITCHELL, and BEALS, JJ., concur.