IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>      v.<br><br>JASON LEE CLIFTON,<br><br>                Appellant. | No. 88262-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Jason Lee Clifton claims the trial court violated his constitutional right to be free from double jeopardy when it sentenced him for two theft convictions. Disagreeing, we affirm.

## I.     BACKGROUND

On a remote road in the early hours of a day in October 2023, Clifton returned to his truck after he and his ex-girlfriend, Cori Ann Lasco, had gone mushroom picking. But before driving away, he saw Lasco break open the window of a nearby truck with a hammer. He then waited as she took items from it, including large backpacks and a toolbox, and loaded them into his vehicle.

The State later charged both Lasco and Clifton with inter alia two counts of theft in the second degree. Lasco confessed and pled guilty.

At a bench trial, the parties stipulated to the fact that two people owned different portions of the stolen property. The court ultimately found Clifton guilty of two counts of theft in the second degree under RCW 9A.56.040(1)(a) and RCW 9A.56.020(1). It concluded that, as Lasco's accomplice, he had wrongfully obtained two sets of property, each exceeding $750 and which belonged to two separate people. For the two counts of theft in the second degree, it imposed an exceptional sentence pursuant to RCW 9.94A.535(2)(c).

Clifton timely appeals.

## II. ANALYSIS

### A. Alleged Double Jeopardy Violation

Clifton asserts his two convictions for theft in the second degree violate double jeopardy because he only committed one offense. His argument relies on the contention that the unit of prosecution for theft cannot be predicated on the number of people property was taken from.

The double jeopardy clause of the Fifth Amendment of United States Constitution and art. I § 9 of our Washington Constitution protects a defendant from being punished multiple times for the same offense. State v. Adel, 136 Wn.2d 629, 632, 965 P.2d 1072 (1998). "When the Legislature defines the scope of a criminal act (the unit of prosecution), double jeopardy protects a defendant from being convicted twice under the same statute for committing just one unit of the crime." Id. at 634. Two convictions for one "unit of prosecution" offend double jeopardy even if a defendant's sentence imposes concurrent terms. Id. at 632.

While double jeopardy is an issue of constitutional magnitude, determining the unit of prosecution for a crime "ultimately revolves around a question of statutory interpretation and legislative intent." Adel, 136 Wn.2d at 634; State v. Turner, 102 Wn. App. 202, 207-08, 6 P.3d 1226 (2000) ("The first step in determining the unit of prosecution is to examine the statute in question.")

The meaning of a plain and unambiguous statute must be derived from the wording of the statute itself. State v. Tili, 139 Wn.2d 107, 115, 985 P.2d 365 (1999). A statute is ambiguous if it is susceptible to two or more reasonable interpretations, but it is not ambiguous merely because different interpretations are conceivable. Id; see also McFreeze Corp. v. Dep't of Revenue, 102 Wn. App. 196, 200, 6 P.3d 1187 (2000) (holding that "we are not obliged to find an ambiguity by imagining a variety of alternative interpretations."). If there is no threshold showing of ambiguity, we derive a statute's meaning from its plain language alone. Tili, 139 Wn.2d at 115.

Here, the Washington criminal code distinguishes theft in the second degree as the theft of "[p]roperty or services which exceed(s) seven hundred fifty dollars in value but does not exceed five thousand dollars[.]" RCW 9A.56.40(1)(a). In turn, the legislature defines the meaning of "theft" as follows: "To wrongfully obtain or exert unauthorized control over the property or services *of another* or *the value thereof,* with intent to deprive him or her of such property or services[.]" RCW 9A.56.020(1)(a) (emphasis added).

We hold that Clifton fails to establish a double jeopardy violation because his position about how to construe the unit of prosecution for theft is unsupported.

His various related arguments are unavailing or otherwise unpersuasive.

First, Clifton lacks authority for his central contention. He does not cite any case which has addressed the unit of prosecution for theft in the second degree. And he acknowledges that he does not provide any authority for his specific proposition, i.e., that separate counts for theft cannot be based on a taking from multiple property owners. Reply Br. of Appellant at 8-9 (acknowledging that neither of the primary cases he cites "directly address[] the unit of prosecution issue raised in this case.") See DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

Instead, Clifton cites the holdings of cases addressing the units of prosecution for other crimes. See Br. of Appellant at 14-17. Those cases are distinguishable (a) because they concern distinct statutes, namely: prohibiting the possession of a stolen access device, identify theft, solicitation, witness tampering, rape, and arson. Id. These cases are distinguishable also (b) because those statutes criminalize specific actions by specific means, which are more readily identifiable or segregable than the generic reference to "property" in RCW 9A.56.040(1)(a).

Second, and more importantly, RCW 9A.56.020 plainly defines theft as including the taking of property from an individual person, i.e., "*of another* . . . with intent to deprive *him or her* of such property." RCW 9A.56.020(1)(a). Rather than use any plural words to reference one or more people, the word "another" and the

phrase "him or her" implicate a person—singular. In this way, the plain language of the statute indicates that takings from multiple owners can support multiple counts. The legislature's meaning is not ambiguous, as Clifton vaguely claims.

In response, Clifton claims we cannot consider the statutory definition of theft to determine the unit of prosecution. But he again does not support this contention with any authority. DeHeer, 60 Wn.2d at 126. To the contrary, we quoted the definition of theft when reviewing the relevant statutory scheme in State v. Turner, 102 Wn. App. 202, 208, 6 P.3d 1226 (2000).

Further, contrary to Clifton's assertion, Turner does not support his position. Clifton concedes that, unlike here, the theft in that case did not involve a taking from multiple property owners. And he admits the matter addressed a wholly different question about the legislature's intent, namely: whether the statute unambiguously permitted multiple counts of first degree theft where a defendant employed multiple schemes to take from the same victim over the same time period. See Turner, 102 Wn. App. at 204. As a result, its holding is inapposite here, where multiple property owners were stolen from and there was no allegation of multiple schemes to steal from the same person over one time period. Finally, this court's reasoning in Turner did not limit the unit of prosecution for theft to the value of property irrespective of the number of victims; we simply noted the value of items taken distinguishes the *degrees* of theft. Turner, 102 Wn. App. at 208.[1]

---

[1] Clifton's reliance on two additional cases is misplaced. First, he argues that, in State v. Westling, 145 Wn.2d 607, 611, 40 P.3d 669 (2002), only one count of arson was permitted although more than one piece of property had been damaged in the incident. But our Supreme Court so held because the criminal act of arson is defined as causing "a" fire to "any" property. Here, the criminal act was not a

In short, Clifton has not shown the statute is ambiguous here as to whether separate counts of theft can be predicated on the separate victims. Therefore, we need not and do not review legislative history, or apply secondary rules of statutory interpretation, beyond looking for the legislature's plain intent. Tili, 139 Wn.2d at 115.[2]

III.     CONCLUSION

For these reasons, we affirm.

Díaz, J.

WE CONCUR:

Mann, J.

---

decision to set "a" destructive force into motion; rather, it was the intentional taking of items belonging to multiple people, which again is one way to define a theft. Second, Clifton offers reasoning from State v. Tvedt, 153 Wn.2d 705, 714, 107 P.3d 728 (2005), which appears to be non-binding dicta.

[2] Finally, Clifton's request that we examine whether article I, section 9 provides greater protection than the Fifth Amendment is insufficiently argued, and thus we need not reach it. State v. Karpov, 195 Wn.2d 288, 293, 458 P.3d 1182 (2020); see also Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).